IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Calvin Jerome McMillan, | ) | C/A No.: 3:19-1698-CMC-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER AND NOTICE |
| Ratner Companies and Dennis Ratner, | ) | |
| Defendants. | ) | |

Calvin Jerome McMillan ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint against Ratner Companies and Dennis Ratner (collectively, "Defendants"), alleging breach of contract. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.  Factual and Procedural Background

Plaintiff alleges his wife visited a friend in Florida in 2013. [ECF No. 1 at 5]. He asserts his wife's friend worked for Ratner Companies and told his wife that Plaintiff lied to the court in a prior legal action against Ratner Companies. *Id.* Plaintiff states his wife used that information against him during divorce proceedings. *Id.* Plaintiff seeks $10,000,000. *Id.*

II.  Discussion

   A.  Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the

requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189–90 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985)

3

("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Fed. R. Civ. P. 8(a)(1) requires the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" When a complaint fails to include "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley*, 191 F.3d at 399 (citations omitted). However, if the court, viewing the allegations in the light most favorable to a plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) diversity of citizenship pursuant to 28 U.S.C. § 1332, and (2) federal question pursuant to 28 U.S.C. § 1331. The allegations contained in the instant complaint do not fall within the scope of either form of the court's limited jurisdiction.

First, the diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 nn.13–16 (1978).

Plaintiff alleges complete diversity and an amount in controversy of $10,000,000. [ECF No. 1 at 4–5]. The rule "has long been to decide what the

amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in 'good faith.'" *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). Plaintiff connects the alleged amount in controversy to how his wife's, or his wife's friend's, statements impacted his children and family. [ECF No. 1 at 5 ("I am asking for a $10,000,000 settlement, all my children . . . were . . . mentally effected by the strategy to make me an abusive dad. This act has totally destroyed my family.")]. Plaintiff does not support the asserted amount with specific facts or allegations of Defendants' liability. Thus, it appears from the face of the complaint that the amount in controversy is not claimed in good faith.

Second, the essential allegations contained in Plaintiff's complaint are insufficient to show the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff claims the court has federal question jurisdiction because "Breach of Contract" and "Federal Case # 3:04-22787-22BC." [ECF No. 1 at 3]. Breach of contract is a state law cause of action. *See Sonoco Products Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 369 (4th Cir. 2003) (noting breach of contract is a state-law cause of action).

In addition, Plaintiff's prior federal action against Ratner Companies does not confer federal question jurisdiction on this action. Federal question jurisdiction in Plaintiff's prior action existed pursuant to Title VII of the Civil

5

Rights Act of 1964, 42 U.S.C. § 2000, et seq ("Title VII"). *See* Am. Compl., *McMillan v. Ratner Companies*, C/A No. 3:04-22787-22BC (Oct. 5, 2005).[1] Plaintiff's current allegations do not invoke Title VII.

Moreover, Plaintiff fails to allege the essential elements of a breach of contract action. *See Allegro, Inc. v. Scully*, 791 S.E. 2d 140, 145 (S.C. 2016) ("In an action for breach of contract, the burden is on the plaintiff to prove the contract, its breach, and the damages caused by such breach."). Even liberally construed, the complaint presents no viable state or federal law claim against Defendants.

Accordingly, Plaintiff's complaint is subject to summary dismissal for lack of jurisdiction and failure to state a claim.

NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by July 8, 2019, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation

---

[1] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); *see also Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).

and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

June 17, 2019  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge